## Nott v. Aetna U.S. Healthcare

C.P. of Bucks County, no. 03-03636-27-1.

*Ronald J. Smolow,* for plaintiff.
*Raymond A. Quaglia,* for defendant.

MELLON, *J.,* October 14, 2004—Plaintiff, Arlene Nott (appellant) appeals this court's order dated July 27, 2004, granting defendant Aetna Health Inc. (incorrectly identified as "Aetna U.S. Healthcare" by appellant in her complaint) judgment on the pleadings.

This opinion is filed pursuant to Pennsylvania Rule of Appellate Procedure 1925.

## FACTUAL AND PROCEDURAL HISTORY

The appellant is an individual residing at 3619 Meridian Drive, Bensalem, Pa.[1] The defendant (Aetna) is a Pennsylvania corporation with its principal place of business in Blue Bell, Pa.[2] At all relevant times, the appellant was a member of Aetna's "Golden Medicare plan," a health maintenance organization plan sponsored by Medicare.[3]

On September 18, 1998, appellant was involved in a car accident with a third-party tort-feasor.[4] Subsequently, appellant received medical treatment for injuries, a portion of which was paid for by Aetna pursuant to appellant's policy.[5]

Aetna's policy with appellant included a subrogation provision stating Aetna had "the right to repayment of the full costs of all benefits provided by HMO on behalf of the member that are associated with the injury or illness for which the third party is or may be responsible." This provision included a right to reimbursement by Aetna for "payment made by a third-party tort-feasor or any insurance company on behalf of the third-party tort-feasor."

Subsequent to receiving money from Aetna for the injuries sustained in said car accident, appellant filed and settled a separate claim against the third-party tort-feasor in September 2001.[6] Aware of appellant's settlement

---

1. See "Complaint" ¶1.
2. See "Answer" ¶2.
3. See "Answer" ¶4.
4. See "Complaint" ¶6.
5. See "Complaint" ¶7.
6. See "Complaint" ¶8.

with the third-party tort-feasor and pursuant to Aetna's policy, the Rawlings Company, an independent contractor representing Aetna, sought reimbursement of the medical bills already paid to appellant. After negotiations, appellant and Rawlings Company reached an agreement whereby appellant paid $1,000 to Rawlings as settlement of Aetna's original claim.

In the action filed before this court on June 9, 2003, appellant now claims the repayment of monies to Aetna was contrary to the Motor Vehicle Financial Responsibility Law section 1720. They assert that under MVFRL section 1720, HMOs such as Aetna have no right to reimbursement for monies paid to policyholders for injuries sustained in motor vehicle accidents whether or not such accident victims also succeeded in claims against third-party tort-feasors for the same injuries.

Aetna argues that the MVFRL section 1720 does not apply to HMOs because section 1560(a) of the Health Maintenance Organization Act instructs that for a statute to apply to HMOs, it must reference HMOs in specific and exact terms.

After suit was filed, Aetna moved to remove the case to the United States District Court for the Eastern District of Pennsylvania on July 9, 2003.[7] That court entered an order on January 23, 2004, remanding the case to the Court of Common Pleas, Bucks County, Pennsylvania.[8] Appellant then filed an amended complaint on January 30, 2004, in which five counts are alleged against Aetna.[9]

---

7. See "Notice of removal."
8. See "U.S. District Court order" dated January 23, 2004.
9. See "Amended complaint."

In Count I, appellant alleges Aetna has violated MVFRL section 1720, which prohibits the right of subrogation for a tort recovery.[10] Appellant alleges Aetna improperly subrogated medical bills from policyholder's settlements and/or judgments in tort cases that were paid pursuant to the HMO plan.[11]

In Count II, appellant alleges that the subrogation and reimbursement provisions of Aetna's policies are in conflict with Pennsylvania law and were so at the time appellant's policy was issued,[12] and therefore Aetna breached the lawful terms of said policies.[13]

In Count III, appellant alleges Aetna was unjustly enriched through its allegedly unlawful assertion of liens against policyholders, and therefore a constructive trust should be created as between Aetna and both appellant and class members.[14]

In Count IV, appellant alleges Aetna acted in bad faith towards its insured in that defendant knew its liens were prohibited.[15]

---

10. See 75 Pa.C.S. §1720, which in relevant part states: "In actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits available under section 1711 . . . 1712 . . . 1715 . . . or benefits paid or payable by a program, group contract or other arrangement whether primary or excess under section 1719." See also, "Amended complaint" ¶22.

11. See "Amended complaint" ¶¶22, 23.

12. See "Amended complaint" ¶26. Specifically, plaintiff alleges such provisions violate 75 Pa.C.S. §1720.

13. See "Amended complaint" ¶29.

14. See "Amended complaint" ¶¶32, 33.

15. See "Amended complaint" ¶37.

In Count V, appellant seeks appropriate declaratory and injunctive relief from the court based on Aetna's allegedly improper assertion of liens.[16]

Defendant filed an answer and new matter on February 27, 2004;[17] appellant filed an answer to the new matter on March 18, 2004.[18] Appellant subsequently filed a petition for class action certification on April 1, 2004,[19] to which Aetna filed a reply on April 20, 2004.[20] Prior to a scheduled hearing on the class action certification petition,[21] Aetna filed a motion for judgment on the pleadings on May 4, 2004.[22] Appellant's petition for leave to amend complaint for a second time was filed on May 27, 2004,[23] and appellant's opposition to Aetna's motion for judgment on the pleadings was filed on May 28, 2004.[24]

On July 27, 2004, upon consideration of Aetna's motion for judgment on the pleadings, oral argument held on June 28, 2004, and all responses thereto, Aetna's motion was granted and appellant's complaint was dismissed.[25] We dismissed the complaint because HMOA section 1560, which controls in this case, requires that any statute enacted after this Act must "specifically and in exact terms appl(y) to such health maintenance organ-

---

16. See "Amended complaint" ¶43.

17. See "Answer and new matter."

18. See "Answer to new matter."

19. See "Petition for class action certification."

20. See "Opposition to plaintiff's petition for class action certification."

21. See "Order dated April 13, 2004."

22. See "Motion for judgment on the pleadings."

23. See "Petition for leave to amend the complaint."

24. See "Plaintiff's opposition to defendant's motion for judgment on the pleadings."

25. See "Order" of July 27, 2004.

ization." MVFRL section 1720 fails to specifically prohibit subrogation by HMOs, and therefore we found the actions taken by Aetna to be proper. It is from this order that appellant appeals.

## STATEMENT OF MATTERS
## COMPLAINED OF ON APPEAL

Pursuant to an order of the court dated August 30, 2004,[26] and Pennsylvania Rule of Appellate Procedure 1925(b),[27] appellant filed a concise statement of matters complained of on September 7, 2004.[28] The matters complained of on appeal as alleged by appellant are as follows:

"(1) The trial court erred in granting Aetna's motion for judgment on the pleadings because:

"(a) The trial court abused its discretion and committed an error of law in concluding that HMOs are exempt from MVFRL section 1720.

"(b) The trial court abused its discretion and committed an error of law in dismissing appellant's claim that Aetna breached its contractual obligation with the appellant and all class members in collecting a subrogation/reimbursement lien.

"(c) The trial court abused its discretion and committed an error of law in dismissing appellant's claim in equity in failing to conclude that subrogation would be inequitable and unjust because appellant and the plaintiff class were unable, as a matter of law, to collect medi-

---

26. See "Order" of August 30, 2004.

27. See Pa.RA.P. 1925(b).

28. See "Concise statement of matters complained of."

cal expenses from the tort-feasor according to section 1722 of the MVFRL.

"(d) The trial court abused its discretion and committed an error of law in dismissing appellant's claim for declaratory and injunctive relief.

"(2) The trial court abused its discretion and committed an error of law in failing to allow appellant to amend her complaint." [29]

## DISCUSSION

### *The Trial Court Did Not Abuse Its Discretion or Commit an Error of Law in Concluding that HMOs Are Exempt From MVFRL Section 1720*

The General Assembly in 1984 enacted MVFRL section 1720 with the intent of prohibiting the right of subrogation by insurance companies for medical bills paid by their policyholders arising out of tort cases. Aetna claims this prohibition does not apply to HMOs because HMOA section 1560 states:

"Except as otherwise provided in this Act, a health maintenance organization operating under the provisions of this Act shall not be subject to the laws of this state now in force relating to insurance corporations engaged in the business of insurance nor to any law *hereafter enacted* relating to the business of insurance *unless such law specifically and in exact terms applies to such health maintenance organization.*" (emphasis added)

This court must determine if the prohibition in MVFRL section 1720 applies to HMOs. Our analysis begins with

---

29. See "Concise statement of matters complained of."

a reading of MVFRL section 1720, which in pertinent part states:

"In actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits, benefits available under section 1711 . . . 1712 . . . or 1715 . . . or benefits paid or payable by *a program, group contract or other arrangement* whether primary or excess under section 1719." (emphasis added)

Appellant argues that the catchall language "by a program, group contract or other arrangement" is sufficient to satisfy the requirement of HMOA section 1560 because the HMO policy held by appellant is a group contract and is thus specifically excluded by the language of MVFRL section 1720.

Appellant's reliance on this catchall language requires a breakdown of the terms of both MVFRL section 1720 and HMOA section 1560. If the terminology of a statute is clear and unambiguous, it is not necessary to resort to a full analysis of the rules of statutory construction.[30] Rather, the judiciary must read unambiguous statutes "in accordance with their plain meaning and common usage."[31]

Neither party in this case argues the language of either MVFRL section 1720 or HMOA section 1560 is ambiguous, and this court finds both statutes to be clearly

---

30. See *Peters v. Commonwealth, Department of Forests and Waters,* 465 Pa. 372, 350 A.2d 812 (1976).

31. See *Commonwealth v. Bell,* 512 Pa. 334, 339, 516 A.2d 1172, 1175 (1986).

constructed. Therefore, we must analyze the plain meaning of the language in question.

The language that Aetna's argument relies upon are the terms "specific" and "exact." Webster's Ninth New Collegiate Dictionary defines "specific" as "constituting or falling into a specific category; free from ambiguity; or accurate."[32] It further defines "exact" as "exhibiting or marked by strict, particular and complete accordance with fact."[33]

The appellant asks this court to find that the language "program, group contract or other arrangement" specifically and in exact terms refers to HMOs as required by HMOA section 1560. This court finds that given the definitions of "specific" and "exact," there are no circumstances in which the catchall language of MVFRL section 1720 can be construed to apply to HMOs. It is for this reason that appellant's claim has no merit.

Given the plain language reading of section 1560 and section 1720, whether or not section 1720 *should* apply to HMOs is not a matter for this court, but rather for the Commonwealth's General Assembly. The plain language of both statutes is clear, and no language in section 1720 specifically and in exact terms applies the statute to HMOs.

---

32. See Webster's Ninth New Collegiate Dictionary, Merriam-Webster Inc., 1990.

33. *Id.*

*The Trial Court Did Not Abuse Its Discretion
and Commit an Error of Law in Dismissing
Plaintiff's Claim That Aetna Breached Its
Contractual Obligation With the Plaintiff and
All Class Members in Collecting a Subrogation/
Reimbursement Lien*

This claim is dependant on appellant's argument that section 1720 is applicable to HMOs. This court has determined such a premise has no merit, and therefore this claim fails as a matter of law.

*The Trial Court Did Not Abuse Its Discretion
and Commit an Error of Law in Dismissing Plaintiff's
Claims in Equity by Failing
To Conclude that Subrogation Would Be
Inequitable and Unjust Because Plaintiff
and the Plaintiff Class Were Unable, As a
Matter of Law, To Collect Medical Expenses
From the Tort-Feasor According to
Section 1722 of the MVFRL*

This claim is dependant on appellant's argument that section 1720 is applicable to HMOs. This court has determined such a premise has no merit, and therefore this claim fails as a matter of law.

Furthermore, no claims based upon section 1722 of the Pennsylvania MVFRL were included in appellant's first complaint or plaintiff's first amended complaint. Therefore, appellant is precluded from appealing this court's order dated July 27, 2004, based upon any claims that rely upon section 1722 of the MVFRL.

*The Trial Court Did Not Abuse Its Discretion and Commit an Error of Law in Dismissing Plaintiff's Claim for Declaratory and Injunctive Relief*

This claim is dependant on appellant's argument that section 1720 is applicable to HMOs. This court has determined such a premise has no merit, and therefore this claim fails as a matter of law.

*The Trial Court Did Not Abuse Its Discretion or Commit an Error of Law in Failing To Allow Appellant To Amend Her Complaint*

Aetna filed their motion for judgment on the pleadings on May 4, 2004. Appellant filed a petition for leave to amend her complaint for the second time on May 27, 2004.

Given that Aetna's motion was filed prior to appellant's motion to amend, and that Aetna's motion was granted on June 2, 2004, appellant's motion was rendered moot.

## CONCLUSION

For the foregoing reasons this court entered its order of July 27, 2004.